IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO GAUSE | : | CIVIL ACTION |
| v. | : | |
| MS. FALON HAILE, et al. | : | NO. 12-1961 |

MEMORANDUM

ROBRENO, J.                                         APRIL 23, 2012

    Mario Gause brought this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was wrongfully convicted of rape and related offenses, and imprisoned beyond his court-ordered sentence. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis, and dismiss his claims against five of the defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  FACTS

    The complaint alleges that Falon Haile falsely accused plaintiff of rape, causing his wrongful arrest on January 18, 1992 and his conviction in 1993. Plaintiff also sued Robin Schwartz for prosecuting him on the allegedly false charges, and Judge Ricardo Jackson, who convicted and sentenced him, for exhibiting bias in handling the case. Plaintiff further alleges that he was convicted in part due to his trial counsel, William Stewart's, deficient performance.

    On April 13, 2000, plaintiff was resentenced to a term of 9 to 18 years of imprisonment. Plaintiff claims that his attorney at the time, Salvatore Adamo, failed to appeal the new judgment

1

despite representing that he would do so. Finally, plaintiff contends that the remaining defendants - all of whom are prison officials - were responsible for detaining him beyond his court-ordered term of imprisonment.[1] He seeks compensatory and punitive damages.

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record and documents that are attached to the complaint. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). If an affirmative defense is obvious from the face of the complaint, and if no development of the record is

---

[1] Plaintiff was released from custody on February 6, 2012.

2

necessary, the Court may dismiss any facially invalid claims <u>sua sponte</u>. See <u>Ray v. Kertes</u>, 285 F.3d 287, 297 (3d Cir. 2002); <u>see also</u> <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1258 (10th Cir. 2006).

### III. DISCUSSION

#### A. Claims Against the Prosecutor and Trial Judge

Plaintiff's claims against prosecutor Schwartz and Judge Jackson are barred by absolute immunity. Prosecutorial immunity shields prosecutors from liability under § 1983 for "activities [that are] intimately associated with the judicial phase of the criminal process," even if those actions are ultimately incorrect or unconstitutional. See <u>Imbler v. Pactman</u>, 424 U.S. 409, 430 (1976); <u>Donahue v. Gavin</u>, 280 F.3d 371, 377 n.15 (3d Cir. 2002). Judges are likewise entitled to absolute immunity from liability under § 1983 based on actions taken in their judicial capacity. See <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 768 (3d Cir. 2000). Additionally, state law affords absolute immunity to judges and prosecutors from tort claims based on actions taken in the judge's judicial capacity and the prosecutor's official capacity. See <u>Durham v. McElynn</u>, 772 A.2d 68, 69-70 (Pa. 2001) (holding that assistant district attorneys are entitled to absolute immunity from liability for actions taken in their official capacity); <u>Langella v. Cercone</u>, 34 A.3d 835, 838 (Pa. Super. Ct. 2011) ("[J]udges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice . . . .") (quotations omitted and alteration in original).

Plaintiff's claims against Schwartz are based on how she handled his prosecution, and his claims against Judge Jackson are based on the manner in which the judge handled his criminal trial. Accordingly, those defendants are entitled to absolute immunity and the Court will dismiss plaintiff's claims against them.

### B. Claims Against Falon Haile

The Court will also dismiss plaintiff's claims against Falon Haile. To the extent plaintiff is asserting § 1983 claims against Haile, his claims fail because she is not a state actor. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."); see also Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983) ("It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'") (footnote omitted). Plaintiff's state tort claims against Haile fare no better. His claim for malicious prosecution fails because he cannot demonstrate that the criminal proceedings terminated in his favor, as it is apparent from the complaint, plaintiff's supporting memorandum, and his exhibits that his convictions have not been vacated or otherwise invalidated. See Kelley v. Gen. Teamsters, Chauffeurs, and Helpers, Local Union 249, 544 A.2d 940, 941 (Pa. 1988) (to succeed on a malicious prosecution claim, a plaintiff must establish that the defendant "instituted

4

proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff"). Furthermore, Haile is absolutely immune from any tort claims premised on her testimony at trial. See LLMD of Mich., Inc. v. Jackon-Cross Co., 740 A.2d 186, 302-04 (Pa. 1999).

To the extent plaintiff is asserting defamation or other tort claims that are not barred by immunity, his claims are time-barred. A one-year statute of limitations governs plaintiff's defamation claim, 42 Pa. Cons. Stat. § 5523(1), while a two-year limitations period governs any remaining tort claims that plaintiff is asserting against Haile. Id. § 5524(7). Plaintiff's claims accrued in 1992 and 1993 when Haile accused plaintiff of raping her and caused him to be arrested and convicted. As plaintiff filed this lawsuit in 2012, long after the statute of limitations expired, his claims are clearly time-barred.

C.  **Claims Against Attorneys Stewart and Adamo**

The Court will also dismiss plaintiff's claims against his attorneys, Stewart and Adamo. Plaintiff's § 1983 claims against his attorneys fail because those defendants are not state actors. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered

state actors solely on the basis of their position as officers of the court.").

To the extent plaintiff is raising malpractice claims, his claims are time barred. The statute of limitations governing a legal malpractice claim is two years if the claim is grounded in negligence and four years if the claim is premised on a breach of contract. See Wachovia Bank N.A. v. Ferretti, 935 A.2d 565, 571 (Pa. Super. Ct. 2007); see also 42 Pa. Cons. Stat. § 5524(7) & 5525(a). Plaintiff's claims against Stewart, which are based on Stewart's performance at trial, accrued in 1993, while his claims against Adamo, which are based on Adamo's failure to appeal plaintiff's April 2000 sentence, accrued in 2000. See Ferretti, 935 A.2d at 572 ("[T]he trigger for the accrual of a legal malpractice action, for statute of limitations purposes, is . . . the occurrence of a breach of duty."). Thus, even assuming that the longer limitations period applies, plaintiff's claims are time-barred because he did not file this action until 2012 and there is no apparent basis for tolling.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's claims against Schwartz, Judge Jackson, Haile, Stewart, and Adamo pursuant to 28 U.S.C. § 1915(e)(2)(B). The complaint will be served on the remaining defendants. An appropriate order follows.